DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile: (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

In re:

SMITH, LORI

Debtor(s)

Chapter 13
Case No. 11-51213 SLJ

TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE

341 Meeting Date: March 28, 2011 10:30 am
Pre-Hearing Conference Date: May 19, 2011
Pre-Hearing Conference Time: 9:30 a.m.
Place: 280 S. 1st Street
     San Jose, CA Room 3099
Judge: Stephen L. Johnson

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this 0% Plan for the following reasons:

1. The Trustee objects to feasibility of the proposed plan pursuant to 11 U.S.C. 1325(a)(6) for the following reason: The proposed plan does not provide for arrears and/or on-going payments to junior lienholders on real property because a motion or adversary to eliminate the lien will be filed. This proposal does not demonstrate how the debtor will be able to pay the amounts due to junior lienholders in the event the debtor is not successful in eliminating the lien.

Trustee's Obj to Confirmation 11-51213 SLJ

1

2. The debtor has failed to comply with Fed. R. Bankr. P. 3015 and 11 U.S.C. §1325(a)(1) in that the Chapter 13 Plan was not filed with the Petition or within 14 days of the filing of the petition. Since the plan was not filed in time to be served with the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines, the debtor must serve all creditors with the Chapter 13 Plan, along with the **applicable** "Notice to Creditors Regarding Plan Provisions," and the "Order Establishing Procedures for Objection to Confirmation."

3. The Trustee is unable to determine whether all of the debtor's projected disposable income is being applied to make payments to unsecured creditors under the plan as required by 11 U.S.C. §1325(b)(1)(B). The debtor is above the median income; therefore, the commitment period is 60 months. Pursuant to the Statement of Current Monthly Income, there is monthly disposable income of $635.13. Therefore, general unsecured creditors must receive at least $33,534. The debtor's proposed plan would result in general unsecured creditors receiving zero percent. The following deductions claimed on the Statement of Current Monthly Income are either inaccurate, not allowed by case law or are unsupported by Schedules I or J:

    a. Lines 24A/B, 25A/B, and 44: The debtor is deducting incorrect standard amounts as allowed by the IRS National Standards for Allowable Living Expenses. The debtor is claiming a household size of five; however, it appears that the debtor only has a household size of three.

4. The debtor is not in compliance with 11 U.S.C. §521(a)(1)(B)(iii) as the Statement of Financial Affairs is incomplete. It appears that the debtor has failed to disclose all income received in 2010 and any year-to-filing income received in 2011 in questions 1 and/or 2. Further, it appears that the debtor has failed to disclose any income received by her non-filing spouse in the two years prior to filing in questions 1 and/or 2.

5. The debtor is not in compliance with 11 U.S.C. §521(a)(1)(B)(iii), as the Statement of Financial Affairs is incomplete. Pursuant to the debtor's 2009 Federal Tax Return, the debtor operated a business. The debtor has failed to disclose any applicable information regarding this business in question 18.

6. The debtor has not disclosed her business, "The Cutting Edge Custom Chaps," on the Voluntary Petition page and is therefore not in compliance with Fed.R.Bankr.P. 1005 and 11 U.S.C. §301(a). An Amended Voluntary Petition Page must be filed and served on all creditors.

7. The debtor has failed to comply with 11 U.S.C. §521(e)(2)(A)(i) and (B), in that she has not provided the Trustee with a complete copy of her 2009 Federal income tax return.

Dated: March 23, 2011 /S/ Devin Derham-Burk

_____

Chapter 13 Trustee

Trustee's Obj to Confirmation 11-51213 SLJ

3

# CERTIFICATE OF SERVICE BY MAIL

I declare that I am over the age of 18 years, not a party to the within case; my business address is 983 University Ave. C-100, Los Gatos, California 95032. I served a copy of the within Trustee's Objection to Confirmation by placing same in an envelope in the U.S. Mail at Los Gatos, California on March 23, 2011.

Said envelopes were addressed as follows:

| | |
|---|---|
| Lori Smith<br>345 N 7th St<br>San Jose, CA 95112 | Scott J Sagaria ESQ<br>Sagaria Law PC<br>333 W San Carlos St #1700<br>San Jose, CA 95110 |

/S/ Jacquelyn Michael
Office of Devin Derham-Burk, Trustee